## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC N. BLUE, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ARS NATIONAL SERVICES, INC.; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ERIC N. BLUE, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, ARS NATIONAL SERVICES, INC. ("ARS"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the County of Kings, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ARS has a business location at 201 W. Grand Avenue, Escondido, California 92025.

8. Upon information and belief, ARS uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. ARS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers residing in Kings County and their successors in interest (the "Class"), who were sent

debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All Kings County, New York consumers who were sent letters and/or notices from ARS concerning a debt owned and which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

  The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e *et seq*;1692e(2)(A); 1692e(10);1692g(a)(1). and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to March 1, 2017, Plaintiff allegedly incurred a financial obligation to Citibank, N.A./CITI MASTERCRAD ("CITI").

16. The CITI obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The CITI obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. CITI is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. Sometime prior to March 1, 2017, CITI charged off the CITI obligation.

20. The amount due on the CITI obligation at the time of the charge off was $8,937.32.

21. After CITI charged off the CITI obligation, it ceased sending periodic statements to Plaintiff.

22. CITI continued to charge interest on the CITI obligation after such obligation was charged off.

23. Sometime prior to March 1, 2017, CITI, either directly or through intermediate transactions assigned, placed, or transferred the CITI obligation to ARS.

24. At the time CITI directly or through intermediate transactions assigned, placed, or transferred the CITI obligation to ARS, the obligation was past due.

25. At the time CITI directly or through intermediate transactions, assigned, placed, or transferred the CITI obligation to ARS, the obligation was in default.

26. At the time CITI directly or through intermediate transactions, assigned, placed, or transferred the CITI obligation to ARS, the obligation was charged off by CITI.

27. ARS, caused to be delivered to Plaintiff a letter dated March 1, 2017, concerning the alleged CITI obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

28. The March 1, 2017 letter was sent to Plaintiff in connection with the collection of the CITI obligation.

29. The March 1, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read the March 1, 2017 letter.

31. The March 1, 2017 letter stated in part:

## ACCOUNT IDENTIFICATION

Creditor:  Citibank, N.A./CITI MASTERCARD
Account: ****************** 7898
ARS Reference: ********************483
Balance:  $9,129.79

32. The March 1, 2017 further stated:

## Account History

| | |
|---|---|
| Total Amount Due as of Charge-Off: | $8,937.32 |
| Total Amount of Interest accrued since Charge-Off: | $642.47 |
| Total Amount of Non-Interest Charges or Fees Accrued Since Charge-Off: | ($200.00) |
| Total Amount of Payment Since Charge-Off: | ($650.00) |

33. The March 1, 2017 letter provided in the third paragraph: "Subject to your rights noted above, one option to resolve your account is to settle your account for the reduced amount of $5,021.39, a savings of $4,108.40."

## POLICIES AND PRACTICES COMPLAINED OF

34. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

- (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

- (b) Using unfair or unconscionable means to collect or attempt to collect any debt;

- (c) Failing to provide the correct amount of the debt; and

- (d) Using a false representation of the amount of the debt.

35. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the County of Kings, state of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

36. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

37. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

38. ARS' settlement offer would cause the least sophisticated consumer to believe that if the requested payment was made that the consumer would receive a $4,108.40 savings. ARS knew that the $4,108.40 savings may cause a tax and/or other consequences thereby reducing the actual savings amount that ARS specifically represented.

39. ARS knew that the amount of the debt is or may be less than $9,129.79.

40. ARS knew that if the amount of the debt is less than $9,129.79, the actual savings would be less than $4,108.40.

41. The form, layout and content of ARS' letter would cause the least sophisticated consumer to be confused about his or her rights and the consequences of accepting ARS' offer to settle.

42. The form, layout and content of ARS' letter would cause the least sophisticated consumer to be wrongly believe that by accepting the offer to settle, the consumer would satisfy this debt with the current creditor and achieve a receive a total actual savings of $4,108.40.

43. ARS attempted to entice Plaintiff and others similarly into accepting the settlement offer by explicitly representing a specific savings amount when the ARS knew that the savings offer was a false, deceptive or misleading representation.

44. 15 U.S.C. §1692g(a)(1) required within five days of the initial communication with a consumer the debt collector must provide written notice of the amount of the debt.

45. The Balance of $9,129.79 does not equal the amounts set forth in the account history.

46. ARS included certain amounts undisclosed amounts to the Balance of $9,129.79.

47. The March 1, 2017, letter from ARS fails to state the amount of the debt.

48. Upon reading the March 1, 2017 letter from ARS the least sophisticated consumer would become confused as to the amount of the debt.

49. Upon reading the March 1, 2017 letter from ARS the least sophisticated consumer would become confused what fees are included in the Balance.

50. Upon reading the March 1, 2017 letter from ARS the least sophisticated consumer would become confused what fees are not included in the Balance.

51. ARS included amounts in the balance, which are not expressly authorized by the agreement creating the debt.

52. ARS included amounts in the balance, which are not permitted by law.

53. ARS violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692g(a)(2); 1692e *et seq.*;1692e(2)(A); 1692e(10); and 1692 f *et seq*.

54. ARS violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

55. ARS violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

56. ARS' conduct, as described herein, violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

57. ARS violated 15 U.S.C. § 1692e by attempting to entice Plaintiff and others similarly into accepting the settlement offer by explicitly representing a specific savings amount when the Defendant knew that the savings offer was a false, deceptive or misleading representation.

58. ARS violated 15 U.S.C. § 1692e by falsely representing a specific savings amount to Plaintiff when ARS knew that there may be a tax and/or other consequence thereby reducing the actual savings amount.

59. ARS violated 15 U.S.C. § 1692e by falsely representing a specific savings amount to Plaintiff when ARS knew that if the amount of the debt was less than the stated balance in the letter, the actual savings would in fact be less than the stated savings.

60. Defendants violated 15 U.S.C. § 1692e by falsely or deceptively representing that if Plaintiff accepted Defendant's offer to settle, the consumer would satisfy this debt with the current creditor and achieve a receive a total savings of $4,108.40.

61. ARS violated 15 U.S.C. §1692e(2)(A) by making a false representation as to the amount of the debt.

62. Pursuant to the payment history set forth in the March 1, 2017 letter, Plaintiff does not owe $9,129.79.

63. ARS violated 15 U.S.C. §1692g(a)(1) by failing to state the amount of the debt.

64. ARS violated 15 U.S.C. §1692g(a)(1) by failing to accurately state the amount of the debt.

65. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. ARS violated 15 U.S.C. § 1692f by attempting to collect amount(s) not expressly authorized by the agreement creating the debt.

67. ARS violated 15 U.S.C. § 1692f by attempting to collect amount(s) not permitted by law.

68. ARS violated 15 U.S.C. § 1692e(10) by making a false representations or deceptive means to collect or attempt to collect the debt as described herein.

69. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

71. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

72. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

73. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

74. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: June 27, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Plaza
60 East 42nd. Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973  facsimile
jkj@legaljones.com

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

Department #127199　　　　　　　　　　　　ARS National Services Inc.
P.O. Box 3005　　　　　　　　　　　　　　　PO Box 469100
Phoenixville, PA 19460　　　　　　　　　　　Escondido, CA 92046-9100
　　　　　　　　　　　　　　　　　　　　　　(800) 976-0960
　　　　　　　　　　　　　　　　　　　　　　Fax: (866) 422-0765
　　　　　　　　　　　　　　　　　　　　　　Live Chat and Online Payments:
　　　　　　　　　　　　　　　　　　　　　　www.PayARS.com

March 01, 2017

　　　　　　　　　　　　　　　　　　　　　　**ACCOUNT IDENTIFICATION**
　　　　　　　　　　　　　　　　　　　　　　Creditor: Citibank, N.A./CITI MASTERCARD
ERIC N BLUE　　　　　　　　　　　　　　　　Account No.: ************7898
　　　　　　　　　　　　　　　　　　　　　　ARS Reference No.:      483
　　　　　　　　　　　　　　　　　　　　　　Balance: $9,129.79

## Welcome to ARS!

Dear Sir/Madam,

ARS is a national organization experienced in helping customers resolve their outstanding balances. Citibank has placed your account referenced above with ARS. We look forward to working with you to find a repayment plan that fits within your budget.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Subject to your rights noted above, one option to resolve your account is to settle your account for the reduced amount of $5,021.39, a savings of $4,108.40. If you cannot make the settlement payment by 4/5/2017, please contact us to discuss alternative arrangements. We reserve the right to treat any missed or late payment as a cancellation of the agreement. We are not obligated to renew this offer. All payments we receive from you will be applied to reduce your balance. Even if this settlement is cancelled due to a missed payment there may be opportunities to settle at a later date. This offer does not affect your rights described above.

There are other payment options available. To review payment options 24 hours a day, please visit our website at www.PayARS.com. To access your account, you'll be asked to provide your ARS Reference Number (        ). ARS also offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS        ), and Moneygram "Express Payment" (Receive Code:      ). Payments, made payable to Citibank, can be mailed to the ARS Escondido, CA address above.

We are committed to helping you resolve your balance. Please call us at (800) 976-0960 with any questions or to discuss all your payment options. Office hours are Monday through Friday, 6:00 a.m. - 7:00 p.m. and Saturday 6:00 a.m. - 10:00 a.m. (Pacific Time).

Sincerely,
WALTER MORENO x1160
Account Representative

### Account History

| | |
|---|---|
| Total Amount Due as of Charge-Off: | $8,937.32 |
| Total Amount of Interest accrued since Charge-Off: | $642.47 |
| Total Amount of Non-Interest Charges or Fees Accrued Since Charge-Off: | ($200.00) |
| Total Amount of Payments Since Charge-Off: | ($650.00) |

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
(SEE REVERSE SIDE FOR IMPORTANT INFORMATION)